**Tjayking TJOE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70756.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

_____

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

Tjayking Tjoe, a native and citizen of Indonesia, petitions for review from the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see Lata v. INS, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Tjoe failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. See INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ determined that threats of physical violence made by thugs who also burned down Tjoe's garage amounted to retaliation for the injuries the thugs suffered when Tjoe drove his car into a mob allegedly to rescue his pastor. No finding of past persecution is compelled because Tjoe suffered no physical harm, nor was he detained as a result of this incident. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003) (describing persecution as something other than harassment).

Substantial evidence also supports the IJ's conclusion that while Tjoe may fear criminal prosecution for vehicular injuries he caused, he does not have a well-founded fear of future persecution. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). Tjoe's future persecution claim is further undermined by the fact that his immediate family members continue to live in Indonesia without incident. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001).

Because Tjoe failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244.

Tjoe does not challenge the IJ's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**